IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 DEC 8 P 2:50
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

BOBBY LEE SANKS, )
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: 3:06cv1092-T
)
WESTPOINT STEVENS, INC., ) DEMAND FOR JURY TRIAL
WESTPOINT HOME, INC., )
    Defendants. )

## COMPLAINT

1. The Plaintiff, Bobby Lee Sanks, hereby files this Complaint against the named Defendants. The Plaintiff resides at 330 Lee Road 175, Salem, Alabama 36874, and has resided there for more than six months. He is over the age of nineteen years.

2. The Defendants are WestPoint Stevens, Inc. and WestPoint Home, Inc. The principal office of the named Defendants is 507 West 10th Street, Post Office Box 71, West Point, Georgia 31833.

3. The Defendants are in the textile industry and conduct business in that regard in Opelika, Lee County, Alabama at Westpoint Pepperell Stevens, 2401 1st Avenue, Opelika, Alabama 36801. The Defendants employ approximately 500 individuals.

## JURISDICTION

4. This action is brought pursuant to alleged violations of Title VII of the Civil Rights Act of 1964, as amended, and of the Age Discrimination in Employment Act, as amended. Jurisdiction is specifically founded upon 42 U.S.C. §§2000e, *et seq.* and upon 29 U.S.C. §§ 621, *et seq.* Equitable and other relief are also sought under the jurisdiction of these statutes.

## PARTIES

5. The Plaintiff, Bobby Lee Sanks, ("Sanks"), is a former employee of the Defendants in their Opelika, Alabama plant. He was initially hired in October 1970. Sanks performed on at least eight different jobs within the plant for almost 35 years. The last job he performed was as an electrician.

6. The Defendants terminated the Plaintiff on 29 July 2005.

## FACTUAL ALLEGATIONS

7. The Plaintiff alleges that the Defendants terminated his employment based upon race, color and age discrimination. Sanks alleges that the Defendants subjected him to harassing comments, write ups without cause and was targeted because of his race, color and age.

## COUNT I - RETALIATION

8. The Plaintiff alleges that he was singled out by one supervisor who, while working in the line and scope of his employment for the Defendants, refused to give Sanks the automatic raise due to him. He further avers that after a year had passed and still no automatic raise, despite repeated inquiries about the status, Sanks reported the matter the company's human resource director. Further, Sanks avers that from that time until he was terminated, the supervisor retaliated against him.

9. The Plaintiff avers that he engaged in a statutorily protected activity when he reported the supervisor's conduct to management regarding the automatic raise that was due to the

2

Plaintiff. The Plaintiff further avers that he suffered a termination because he reported the supervisor's conduct.

**WHEREFORE**, the Plaintiff demands the following relief:

A. Backpay;

B. Actual, Compensatory, Liquidated and Punitive Damages;

C. Future pecuniary losses;

D. Emotional pain and suffering;

E. Inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

F. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

G. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

## COUNT II - RACIAL DISCRIMINATION

10. The Plaintiff hereby re-alleges and re-avers all of the allegations and averments contained in Count I, each and every paragraph of this Complaint, and incorporates each by reference as though set forth fully therein.

11. Further still, Sanks alleges that this same supervisor spoke to him in a very harsh tone, while working in the line and scope of his employment for the Defendants, in the presence of other employees and on more than one occasion. He avers that he was made to feel harassed and humiliated by the supervisor, who made

it obvious that he did not like Black people and especially dark-skinned like Sanks is, and especially if they made a legitimate Complaint against the supervisor. Sanks further avers that the supervisor retaliated against him for making a Complaint about his raise. Still further, Sanks alleges that another supervisor, while working in the line and scope of his employment for the Defendants, intensely questioned him about attending a funeral of a close friend. That same supervisor wrote him up for leaving the work station to turn of the alarm in my car after having given permission to do so. On another occasion, the supervisor wrote Sanks up for leaving the work station to move his car after the supervisor had again given permission for him to do so. Both supervisors wrote him up for having to request assistance on completing a job on which he needed help, despite the fact that the supervisors had assured Sanks that assistance would be provided if and when needed. The Plaintiff alleges that no white employee was ever treated the way he was treated in these instances, and that in each instance, he was discriminated against because of his race and color.

12. Further still, the Plaintiff alleges that the Defendants discriminated against Blacks in a number of ways: 1) Whites got the better and easier work orders while Blacks were given the worse work orders; 2) More work is added to the jobs Blacks did and no additional work was added to the jobs White did; 3) Whites could take smoking breaks at non-scheduled break times and there was nothing said or done about it, and Blacks could not; 4) If

two Blacks were seen talking, about questions regarding the job or anything, the supervisors wanted to know why the two Blacks were talking and not working. They had been heard saying, "we're paying them to work, not to talk." Yet when the same supervisors saw two Whites talking, they only speak to them and say nothing about why they are talking and not working; 5) One of the supervisors saw a White employee making a part for the employee's home and the employee admitted that is what he was doing. Nothing was done about it; the incident was not even reported to management, despite the fact that it was against policy; 6) One of the supervisors wrote Sanks up for tardiness, yet the supervisor was often tardy, left work early and was never written up or reprimand in any way about it; 7) In over 25 years, no Black employee was selected for the position of machinist, a randomly appointed position, while every person appointed has been White. The Plaintiffs avers that in each instance, the Defendants discriminated against him and other Blacks because of his and their race and color. Further, that he complained of these actions to management and nothing was ever done about them.

13. The Plaintiff avers that he is a member of the African American race (Black), that he performed his job satisfactorily, that he has suffered a termination, loss of benefits, and suffered the loss of income for a period of time, suffered health problems, including hypertension that he had never suffered with before the termination from his job, and that all of the circumstances involved in this matter give rise to an inference

of discrimination and/or retaliation.

**WHEREFORE**, the Plaintiff demands the following relief:

A. Backpay;

B. Actual, Compensatory, Liquidated and Punitive Damages;

C. Future pecuniary losses;

D. Emotional pain and suffering;

E. Inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses;

F. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

G. Any and all further relief that the Court deems necessary and proper to effect justice in this cause.

### COUNT III - AGE DISCRIMINATION

14. The Plaintiff hereby re-alleges and re-avers all of the allegations and averments contained in Count II, each and every paragraph of this Complaint, and incorporates each by reference as though set forth fully therein.

15. The Plaintiff avers that he is over 40 years of age, born 1 January 1951, that he performed his job at the Defendants' company for almost 35 years; that he suffered a termination, loss of benefits, the loss of income for a period of time; and, that he suffered health problems, including hypertension that he had never suffered with before the termination from his job.

Further, after his termination, the Defendants hired a younger person to replace Sanks, an employee whom Sanks had trained just prior to his termination.

16. Sanks further avers that the Defendants' conduct constitutes discrimination with respect to his race, color and age, and that their conduct was willful and reckless.

17. The Plaintiff avers that, among those who discriminated against him, are Perry Henderson, supervisor, a white male; Dudley Gregory, supervisor, a white male; and, Amber Stevens, personnel director, a white female.

18. The Plaintiff avers that he filed charges with the Equal Employment Opportunity Commission regarding the Defendants' alleged discriminatory conduct on or about the 8th day of September, 2005, with two amended complaints subsequent to that date. That he has attached a copy of the Notice of Right-to-Sue Letter issued by the Equal Employment Opportunity Commission on the 11th day of September, 2006. That said letter was received on or about the 12th day of September, 2006.

    **WHEREFORE**, the Plaintiff demands the following relief:

        A. Backpay;

        B. Front Pay;

        C. Actual, Compensatory, Liquidated and Punitive Damages;

        D. Reasonable costs and expenses herein, including reasonable attorney's fees; and,

        E. Any and all further relief that the Court deems

necessary and proper to effect justice in this cause.

RESPECTFULLY SUBMITTED on this ___8th___ day of December, 2006.

*/s/ Lateefah Muhammad*
_____
Lateefah Muhammad (*Ala. Code* MUH001)
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee Institute, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

The Plaintiff demands a trial by jury on all issues so triable.

*/s/ Lateefah Muhammad*
_____
Lateefah Muhammad

8

STATE OF ALABAMA )
)
MACON COUNTY )

### VERIFICATION

Before me, a Notary Public in and for said County in said State, personally appeared, Bobby Lee Sanks, who, being first duly sworn, makes oath that he has read the foregoing Summons and Complaint in *Sanks v. WestPoint Stevens, Inc., WestPoint Home, Inc.* and knows the contents thereof, and that he, informed and believed, and upon such information and belief, averred that the facts alleged are true and correct to the best of his knowledge.

_____
Bobby Lee Sanks
330 Lee Road 175
Salem, Alabama 36874

SWORN TO AND SUBSCRIBED BEFORE ME this ___8th___ day of December, 2006.

_____
Notary Public

Seal

My Commission expires: 12/03/08

_____
Lateefah Muhammad
ATTORNEY FOR PLAINTIFF

Lateefah Muhammad, Attorney At Law, P.C.
Post Office Box 1096
Tuskegee, Alabama 36087
(334) 727-1997
lateefahmuhammad@aol.com

EEOC Form 161 (3/98)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Mr. Bobby L. Sanks<br>330 Lee Road 175<br>Salem, AL 36874 | From: Birmingham District Office - 420<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 130-2005-06614 | Booker T. Lewis,<br>Enforcement Supervisor | (205) 212-2115 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other (briefly state)    **The employer filed bankruptcy on 6-3-03, and remains in bankruptcy at present time.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Beverly B. Hinton for*      9/11/06

Bernice Williams-Kimbrough,      (Date Mailed)
District Director

Enclosure(s)

cc:   West Point Stevens      Lester D. Sears
     2401 1st Avenue      Bankruptcy Court Designed
     Opelika, Alabama 36801      West Point Home
          P.O. Box 71
          West Point, Georgia 31833

REC'D SEP 12 2006

**ATTACHMENT**

Enclosure with EEOC
Form 161 (3/98)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*