**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| BOBBY LEE SANKS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Civil Action No. 3:06-CV-1092-T |
| ) | |
| WESTPOINT STEVENS INC., ) | |
| and WESTPOINT HOME, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER

**COME NOW** the Defendants, WestPoint Stevens Inc. ("WPS"), and WestPoint Home, Inc. ("WPH"), and answer the Complaint as follows:

### PRELIMINARY STATEMENT

On June 1, 2003, WPS, and certain affiliates (collectively, the "Debtors"), commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to chapter 11 of Title 11 of the United States Code. The chapter 11 cases are jointly administered under case number 03-13532 (RDD) and remain pending, although the Debtors' estates are administratively insolvent.

Pursuant to an order of the Bankruptcy Court dated July 8, 2005, ("Sales Order"), substantially all of the assets of WPS were sold to WPH, and that sale closed on August 8, 2005. At this time, WPS has no employees, no assets, no ability to defend this lawsuit, except to the extent its co-defendant, WPH, is able to defend WPS, along with itself, and no ability to pay any judgment. Under the terms of the Sales Order of the Bankruptcy Court and the Asset Purchase Agreement, potential employment liabilities of WPS were not assumed by WPH.

On July 29, 2005, the Plaintiff was terminated by WPS. The Plaintiff can assert no viable claims against WPH because he was never employed by WPH. WPH did not purchase the assets of WPS until August 8, 2005 . The Plaintiff can assert no viable claims against WPH, that arose before WPH's purchase of WPS' assets on August 8, 2005.

In answering this Complaint, WPH is responding for itself and for WPS, based upon information that it has available to it. Nothing in the Answer should be construed as an admission by WPH that it has any liability for any acts or omissions occurring before the purchase of WPS' assets, which occurred on August 8, 2005. WPH denies any and all liability, including, but not limited to, liability alleged for acts occurring before August 8, 2005. WPS denies any and all liability, including but not limited to, liability alleged for acts occurring after August 8, 2005.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to allege facts sufficient to state any claim or constitute any cause of action against the Defendants upon which any relief may be granted.

### SECOND DEFENSE

Defendants deny that they have, in any way, harmed or damaged Plaintiff Bobby Lee Sanks ("Sanks" or "Plaintiff"), as alleged in the Complaint.

### THIRD DEFENSE

To the extent that Sanks seeks to state a claim for alleged acts of age, race, or color or retaliation occurring outside the one hundred eighty (180) day period before the filing of a relevant valid charge of age discrimination with the Equal Employment Opportunity Commission ("EEOC"), which is proved to be properly before the Court in this action, such relief is time barred by the Age

Discrimination in Employment Act, ("ADEA"), 29 U.S.C. § 626(d), and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(e), and is without the period of limitations.

## FOURTH DEFENSE

To the extent that Sanks seeks monetary relief in the form of backpay under the ADEA or Title VII for alleged acts of discrimination occurring before two (2) years prior to the filing of a relevant, valid charge of age discrimination with the EEOC, such relief is time barred by § 626(b) of the ADEA and the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), 255, 260, as well as Title VII, 42 U.S.C. § 2000e-5(g).

## FIFTH DEFENSE

Sanks' claims are time barred, in whole or in part.

## SIXTH DEFENSE

The Defendants deny that Sanks' age, race, color, or retaliation were motivating factors in any action taken concerning Sanks' employment.

## SEVENTH DEFENSE

Defendants deny that any retaliatory motive or Sanks' race, color or age were factors in any action Defendants took concerning Sanks' employment, but if Sanks establishes that Defendants were motivated by an impermissible motive, which is denied, Sanks' damages and attorneys' fees are limited because Defendants would have taken the same action in the absence of the impermissible motivating factor.

## EIGHTH DEFENSE

No causal connection exists between any of the challenged employment decisions and Sanks' age.

**NINTH DEFENSE**

To the extent Sanks suffered an alleged adverse employment action, which is denied, all the Defendants' actions at issue in this matter were taken in good faith for legitimate, nondiscriminatory and nonretaliatory reasons.

**TENTH DEFENSE**

At all relevant times, the Defendants maintained policies prohibiting discrimination and workplace harassment which were publicized and disseminated to employees. The Defendants promptly and thoroughly investigated any alleged complaints of discrimination/harassment, and took appropriate and prompt remedial action to correct any alleged unlawful discrimination/ harassment, thereby fulfilling all obligations to exercise reasonable care in preventing and promptly correcting any alleged unlawful discrimination/harassment of Sanks.

**ELEVENTH DEFENSE**

Sanks unreasonably failed to use the reporting procedure under Defendants' policies against discrimination and anti-harassment policies or otherwise avail himself of opportunities provided by Defendants to prevent or correct the alleged unlawful age discrimination/harassment or otherwise avoid harm.

**TWELFTH DEFENSE**

The alleged discriminatory acts by Defendants' purported agents do not meet the standard for direct evidence of discrimination and are not sufficiently severe or pervasive to create a hostile work environment.

**THIRTEENTH DEFENSE**

Sanks cannot state a claim upon which relief may be granted under the ADEA or Title VII, and the Court lacks jurisdiction over the subject matter of the Complaint because Sanks failed to

exhaust his administrative remedies prior to filing suit or otherwise satisfy the prerequisites for his claims, jurisdictional or otherwise, to maintain this action with respect to matters that were or could have been raised in his charge before the EEOC.

## FOURTEENTH DEFENSE

This Court is without jurisdiction over all the acts of alleged discrimination in the Complaint that are not stated in the charge of discrimination.

## FIFTEENTH DEFENSE

Sanks' claims are barred to the extent that his claims differ from or exceed the scope of a timely filed charge of discrimination.

## SIXTEENTH DEFENSE

To the extent that Sanks seeks relief from alleged unlawful disparate impact discrimination, he fails to state a claim.

## SEVENTEENTH DEFENSE

Any award of punitive damages against the Defendants would violate rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama.

## EIGHTEENTH DEFENSE

Any award of compensatory or punitive damages claimed herein is subject to the statutory caps applicable to such claims, as set forth in the Civil Rights Act of 1991, 42 U.S.C. § 1981(a)(b)(3).

## NINETEENTH DEFENSE

Neither punitive nor liquidated damages are available because the actions alleged in the Complaint were contrary to Defendants' policies and good-faith efforts to comply with the laws. *Kolstad v. American Dental Association,* 527 U.S. 526 (1999).

**TWENTIETH DEFENSE**

Sanks is not entitled to liquidated damages because Defendants did not willfully violate the ADEA, and Defendants neither knew nor should have known that any conduct violated the ADEA.

**TWENTY-FIRST DEFENSE**

Liability is denied, but to the extent liability is found, Sanks cannot recover injunctive relief, compensatory damages, liquidated damages, punitive damages, front pay, pain and suffering, or any other damages other than back pay and loss of benefits, offset by any ability to mitigate those claims.

**TWENTY-SECOND DEFENSE**

Liability is denied, but to the extent liability is found, and to the extent Sanks has failed to mitigate his damages, his damages should be limited to any amounts Sanks would have suffered had he reasonably mitigated his damages.

**TWENTY-THIRD DEFENSE**

To the extent Sanks seeks equitable relief, he is barred because there is an adequate remedy at law.

**TWENTY-FOURTH DEFENSE**

To the extent Sanks seeks equitable relief, he is barred because he comes before this Court with unclean hands, and is guilty of laches.

**TWENTY-FIFTH DEFENSE**

To the extent Sanks seeks a double recovery for any alleged single wrong, he must elect his remedy.

**DEFENSES TO THE SEPARATE ALLEGATIONS OF THE COMPLAINT**

**TWENTY-SIXTH DEFENSE**

With respect to the separate allegations of the Complaint, Defendants plead as follows:

1. Upon information and belief, the allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted, with the qualification that the assets of WPS were sold pursuant to Section 363 of the Bankruptcy Code to WPH on August 8, 2005 (*See* Preliminary Statement), and the further qualification that WPS has no principal office.

3. Each and every allegation of Paragraph 3 is denied as to WPS, but admitted as to WPH.

## JURISDICTION

4. Upon information and belief, the allegations of Paragraph 4 are admitted, but Defendants deny that either of them has violated Title VII or the ADEA in any respect.

## PARTIES

5. Regarding the allegations of Paragraph 5, Sanks was hired on October 1, 1970, by WPS and was at all times relevant to this litigation employed by WPS. Sanks was never employed by WPH. The remaining allegations of Paragraph 5 are admitted as to WPS.

6. Each and every allegation of Paragraph 6 is denied as to WPH, but admitted as to WPS.

## DEFENSES TO FACTUAL ALLEGATIONS

7. Each and every allegation in Paragraph 7 is denied.

## DEFENSES TO COUNT I - RETALIATION

8. Each and every allegation in Paragraph 8 is denied.

9. Each and every allegation in Paragraph 9 is denied.

10. Each and every allegation in the prayer for relief, including subsections A, B, C, D, E, F, and G is denied.

## DEFENSES TO COUNT II – RACIAL DISCRIMINATION

11. The defenses to paragraphs 1-9 of the Complaint are incorporated as if fully set forth here.

12. Each and every allegation in Paragraph 11 is denied.

13. Each and every allegation in Paragraph 12, including subparagraphs 1, 2, 3, 4, 5, 6, and 7, is denied.

14. Regarding the allegations of Paragraph 13, it is admitted that Sanks is African American and that he was terminated from his position at WPS on July 29, 2005. Each and every remaining allegation of Paragraph 13 is denied.

15. Each and every allegation in the prayer for relief, including subsections A, B, C, D, E, F, and G is denied.

## DEFENSES TO COUNT III – AGE DISCRIMINATION

16. The defenses to paragraphs 1-13 of the Complaint are incorporated as if fully set forth here.

17. Regarding the allegations of Paragraph 15, it is admitted upon information and belief that Sanks is over age 40 and was born on January 1, 1951. It is admitted that WPS terminated Sanks' employment on July 29, 2005. Each and every remaining allegation of Paragraph 15 is denied.

18. Each and every allegation of Paragraph 16 is denied.

19. Each and every allegation of Paragraph 17 is denied.

20. Regarding the allegations of Paragraph 18, Defendants admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission, and twice amended his charge. A

Notice of Right to Sue was issued by the EEOC on September 11, 2006. Defendants are without sufficient knowledge of whether or when Sanks received a Notice of Right to Sue, and, therefore, each and every remaining allegation of Paragraph 18 is denied.

21. Each and every allegation in Sanks' Prayer for Relief, including Paragraphs A, B, C, D, and E, is denied.

22. Each and every allegation not expressly admitted above is denied.

WHEREFORE, having fully answered the Complaint, Defendants pray that the Complaint be dismissed in its entirety with prejudice and that Defendants be awarded attorneys' fees and costs for defending this action and such other and further relief as this Court may deem just and equitable.

Dated this 2nd day of January, 2007.

Respectfully submitted,

Fred W. Suggs, Jr. (#ASB-3587-G61F)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina   29602
Telephone:    (864) 271-1300
Facsimile:    (864) 235-4754
E-Mail:    fred.suggs@odnss.com

                By: **s/ James C. Pennington**
                   James C. Pennington (#ASB-1287-N62J)

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-Mail: james.pennington@odnss.com

## CERTIFICATE OF SERVICE

  I hereby certify that on January 2, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

  Lateefah Muhammad

          **s/James C. Pennington**
          James C. Pennington