## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

| | |
|---|---|
| **Bobby Sanks,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) C. A. No.: 3:06-CV-1092-T |
| | ) |
| **WestPoint Stevens, Inc., and** | ) |
| **WestPoint Home, Inc.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### REPLY TO PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR LEAVE TO FILE AMENDED ANSWER

COME NOW the Defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc. (collectively "WestPoint" or "Defendant"), and reply as follows to the Plaintiff's objection to Defendants' Motion for Leave to File Amended Answer.

1. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading by leave of court, "and leave shall be freely given when justice so requires." Fed. R.Civ.P 15(a).

2. In exercising its discretion whether to allow an amendment, the court should consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 192 (1962). None of those factors is present here. Defendant has moved for leave to amend before plaintiff has engaged in any discovery, and long before the September 28, 2007, deadline for amendments set forth in the Scheduling Order. Defendant has not previously amended its answer.

3. Plaintiff does not argue that any of the *Foman* factors is present here. Instead she appears to argue against the merits of the defense. Specifically, defendant seeks to amend the answer to contend

that any backpay that might be awarded to plaintiff in this case should be limited to a period of time prior to the closing of the plant where he worked. In setting an award of backpay, the court is clearly entitled to take into account such equitable circumstances as a subsequent factor that would have resulted in the termination of the plaintiff's employment *See*, *e.g.*, *McKinnon v. Nashville Banner Publ. Co*, 513 U.S. 352, 363 (1995) ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. In determining the appropriate order for relief, the court can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party."); *see also Mims v. Wilson*, 514 F.2d 106, 111 (5th Cir. 1975) (Discriminatee entitled to backpay up to the date of the remedy or "would have terminated.").

4. Plaintiff argues that defendant should not be allowed to assert this defense because "the closing of the defendant's plant was not a factor in his termination in that he never received any notice of such closing or proposed closing prior to the Defendant's actions to terminate him." Plaintiff's argument misses the point of the defense. Defendant is not asserting that plaintiff's employment was actually terminated because of the plant closing, but merely that if his employment had not been terminated earlier, it would have been terminated on November 4, 2006, because the plant where he worked shut down. Defendant's newly asserted defense simply points out that it would be inequitable to award plaintiff backpay for a period after which he indisputably could not have earned any pay. Whether defendant may ultimately prevail on its defense is not the standard for determining whether the amendment to the answer should be allowed. The amendment should be allowed unless it causes undue delay or prejudice, neither of which is alleged here.

5. Plaintiff has ample remaining opportunity to oppose this defense on its merits if he chooses. Plaintiff has not engaged in any discovery, and he has not demonstrated any prejudice to his ability

to pursue his claims because of the requested amendment. When there is no prejudice to the plaintiff in the assertion of a defense by way of amended answer, the court must allow the amendment. *See*, *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994); *Bashir v. AMTRAK*, 929 F. Supp. 404 , 409 (S.D. Fla. 1996) (Allowing preemption defense to be raised for the first time on summary judgment.) Therefore, plaintiff's objection should be overruled and the amendment allowed.

Respectfully submitted,

**s/James C. Pennington**
James C. Pennington (ASB-1287-N62J)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P. C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Tel:     (205)328-1900
Fax:    (205)328-6000
E-Mail: james.pennington@odnss.com

Fred W. Suggs, Jr. (ASB-3587-G61F)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P. C.
300 North Main Street
Post Office Box 2757
Greenville, South Carolina  29602
Tel:            (864)271-1300
Fax:           (864)235-4754
E-mail:fred.suggs@odnss.com

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 4, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lateefah Muhammad

**s/James C. Pennington**

4942491.1