UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| Bobby Sanks, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:06-CV-1092-T |
| ) | |
| v. ) | |
| ) | |
| WestPoint Stevens, Inc., and ) | |
| WestPoint Home, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## REPLY TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

**COME NOW** the Defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc., (collectively "WestPoint" or "Defendant"), and reply as follows to the Plaintiff's Response to Order to Show Cause (Doc 22).

1. Plaintiff's response alleges that "as of [May 8, 2007], the Plaintiff has responded to each of the Defendant's discovery requests as instructed by this Court." (Doc 22, ¶ 1). To the contrary, as of May 10, 2007, Defendant's counsel has not received any response whatsoever to the interrogatories, requests for production or requests for admissions served on March 1, 2007.

2. Defendant's memorandum supporting motion to compel discovery (Doc 14) and the evidence attached thereto demonstrates that Plaintiff and his counsel have been provided ample opportunity to respond to the Defendant's written discovery requests. Defendant's counsel have been reasonable in granting the Plaintiff's request for extensions of time. Based upon Plaintiff's counsel's promises, Defendant agreed to extend the deadline to April 13 (Attachment K), and later agreed not to file a motion to compel if it received discovery responses by April 20. (Attachments L, M)

3. Despite this leniency, Plaintiff and his counsel have demonstrated a patent disregard for the deadlines, both as established by in the Rules of Civil Procedure and extended upon agreement of Defendant's counsel.

4. Plaintiff and his counsel have now expressed numerous excuses for failing to comply with the discovery rules and this Court's order, ranging from the illness of relatives, to the medical leave of the Plaintiff's attorney and her husband and her assistant. During the months in which Defendant has incurred mounting and unnecessary expenses in the pursuit of the discovery to which it is entitled, Plaintiff's counsel has never once sought any relief from the Court in the form of a motion for extension, a motion for stay, or a leave of absence from the Court. It is incumbent upon a ligitigant to seek affirmative relief from the Court when faced with "extenuating circumstances," rather than simply failing to meet her obligations and seeking pardon after a motion to compel has been filed.

5. Plaintiff argues that Plaintiff's lack of experience in litigation should excuse his dilatoriness in discovery. Plaintiff has not, however, explained how Mr. Sanks has been unavailable to provide timely responses to discovery requests, yet has made time to prepare and execute an affidavit in support of Plaintiff's Objection to the Defendant's obviously meritorious Motion for Leave to File an Amended Answer (Doc 20-2), dated May 2, 2007. Plaintiff also argues that he has had difficulty gathering information with which to respond to the request for production. Plaintiff has not explained how difficulty in gathering information has prevented him from answering, from his personal knowledge, such discovery requests as "identify all communications between Sanks and any person where Sanks discussed the termination of his employment…," or "Admit you were never employed by WestPoint Home, Inc.," or "Admit on

July 29, 2005, the date of termination of your employment from WestPoint Stevens, Inc., your supervisor was Gregory Dudley." (Attachments D, F)

6. Despite Plaintiff's assertion of "no harm no foul," Defendant has indeed been prejudiced by Plaintiff's refusal to make discovery. The scheduling order requires all dispositive motions to be filed by December 21, 2007. The scheduling order requires "all supporting evidence" to be filed with a dispositive motion. Defendant has been unable to gather evidence in support of its anticipated summary judgment motion through no fault of Defendant or its counsel, but solely due to the Plaintiff's dilatory behavior. Defendant now has much less opportunity which to obtain written discovery responses, take necessary depositions and obtain evidence by subpoena from third parties if the written discovery responses and depositions indicate a necessity to do so. Engaging in the entire discovery process within that time frame so that Defendant will have sufficient opportunity to prepare a well-supported motion for summary judgment is unfairly and overly burdensome.

7. Furthermore, the Plaintiff's delay in making discovery jeopardizes the timely progression of this case. Trial is set for May 12, 2008. If Plaintiff is allowed to continue his pattern of dilatory discovery conduct, this case will not be sufficiently prepared for trial or the pretrial process.

8. Plaintiff voluntarily chose to prosecute this case in this Court and he chose his attorney. If either the Plaintiff or his counsel is unable or unwilling to prosecute this action within the Federal Rules of Civil Procedure and in compliance with the orders of this Court, either Plaintiff or his counsel must end their involvement in the action.

**WHEREFORE**, premises considered, Defendant respectfully requests this Honorable Court to grant its motion to compel discovery.

Dated this 10th day of May, 2007.

Respectfully submitted,

**/s/ James C. Pennington**
James C. Pennington
(ASB-1287-N62J)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama  35203-2118
Telephone: (205) 328-1900
Facsimile:  (205) 328-6000
James.Pennington@odnss.com

Fred W. Suggs (ASB-3587-G61F)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile:  (864) 235-4754
Fred.Suggs@ogletreedeakins.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2007, I electronically filed the foregoing **Reply to Plaintiff's Response to Order to Show Cause** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Lateefah Muhammad

Respectfully submitted,

**/s/ James C. Pennington**
OF COUNSEL.

4950143.1

4