UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **Bobby Sanks,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | )   C. A. No.: 3:06-CV-1092-MHT |
| | ) |
| **WestPoint Stevens, Inc., and** | ) |
| **WestPoint Home, Inc.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

## DEFENDANTS WESTPOINT STEVENS, INC.'S AND WESTPOINT HOME, INC.'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc. ("WestPoint" ), and pursuant to Federal Rule of Civil Procedure 56, moves this Honorable Court to enter a judgment in WestPoint's favor and dismiss this case with prejudice. In support of this motion, WestPoint shows the Court in the accompanying Memorandum that there are no disputed issues of material fact and WestPoint is entitled to judgment as a matter of law. In further support of this motion, WestPoint shows the Court as follows:

1.  Plaintiff Bobby Sanks ("Sanks" or "plaintiff") was terminated from his employment at WestPoint on July 29, 2005. Sanks has denied any discriminatory act took place after March 3, 2005.

2.  Sanks failed to timely file a charge with the Equal Employment Opportunity Commission within 180 days of any alleged discriminatory act. Sanks did not file a charge on September 8, 2006, the day he first went to the EEOC. Sanks filed his first charge on January 27, 2006, alleging discrimination based on race, color, retaliation and harassment. Based on Sanks' discharge date of July 29, 2005, this charge was two days late. Based on the earlier date

of March 3, 2005, it was far more untimely. Sanks filed a second untimely charge with a new allegation of age discrimination, based on new facts not included in the first untimely charge. Sanks filed this charge on May 4, 2006, as an amendment of his first untimely charge, a full 280 days after the date his employment was terminated. Sanks alleged he was replaced with a younger worker, a fact Sanks claimed he became aware of only a week after his termination. Because Sanks' age claim is not like or related to the original untimely charge, it cannot be an amendment of that charge, and the new charge of age discrimination was filed more than 180 days after Sanks became aware of the allegation that he was replaced with a younger worker. For these reasons, Sanks failed to file a timely charge of discrimination and his claims in this lawsuit are time barred.

      3.      Even if Sanks' claims regarding his employment termination were timely, Sanks' claims of discrimination are based on discrete acts of discrimination. Sanks did not plead and has no evidence of continuing violations which would allow him to tie earlier untimely claims to the termination of his employment.

      4.      Even if Sanks' Title VII claims had been timely, Sanks cannot present substantial evidence in support of a *prima facie* case of discrimination on the basis of age, race, color or retaliation. Specifically, Sanks has no direct evidence, circumstantial evidence, or statistical evidence of discrimination against him based on his age, race, color or retaliation.

      5.      Sanks cannot produce substantial evidence that any similarly situated persons outside the protected category were treated better than he.

      6.      Sanks cannot establish any causal connection between any adverse action and discrimination or retaliation.

7. Sanks cannot show he was qualified or that he was meeting the legitimate expectations of WestPoint.

8. Nondisciplinary Personnel Notices and speaking harshly are not adverse employment actions.

9. Sanks has not stated facts which support a claim for harassment or a hostile work environment claim. Simple discipline is not harassment. The conduct alleged was not severe or pervasive, was not motivated by race, color, or any other protected factor.

10. Even if Sanks' age discrimination claim was timely, Sanks cannot produce evidence that a younger employee replaced him.

11. Sanks admits the termination of his employment was not discriminatory and that he committed the misconduct for which he was discharged.

12. WestPoint has articulated legitimate, nondiscriminatory reasons for its actions. Sanks cannot present substantial evidence that WestPoint's articulated, legitimate, nondiscriminatory reasons for disciplining him or terminating his employment were pretexts for intentional discrimination or retaliation.

13. Sanks cannot show that any of WestPoint's decisions regarding his discipline or the termination of his employment were based on any factors other than WestPoint's articulated, legitimate, nondiscriminatory reasons.

WHEREFORE, for the reasons stated above, and those set forth in the accompanying Memorandum, as well as the documentary evidence contained in Exhibits 1 through 13, WestPoint respectfully requests that this Honorable Court enter judgment in favor of WestPoint and dismiss this action in its entirety, awarding WestPoint its reasonable costs and fees incurred in defense of this action.

Dated this 17th day of December, 2007.

                            Respectfully submitted,

                            **/s/ Fred W. Suggs, Jr.**
                            Fred W. Suggs, Jr.
                            (ASB-3587-G61F)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
Fred.Suggs@ogletreedeakins.com

James C. Pennington
(ASB-1287-N62J)
OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
James.Pennington@odnss.com

                            Attorneys for WestPoint Stevens, Inc.
                            and WestPoint Home, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2007, I electronically filed the foregoing **Defendants WestPoint Stevens, Inc.'s and WestPoint Home, Inc.'s Motion for Summary Judgment** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

*Lateefah Muhammad*

                            Respectfully submitted,

                            **/s/ Fred W. Suggs, Jr.**
                            OF COUNSEL

5328650.1