UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **Bobby Sanks,** | ) | |
| | ) | |
|    **Plaintiff,** | ) | |
| | ) | |
|    v. | ) | C. A. No.: 3:06-CV-1092-MHT |
| | ) | |
| **WestPoint Stevens, Inc., and** | ) | |
| **WestPoint Home, Inc.,** | ) | |
| | ) | |
|    **Defendants.** | ) | |

### DEFENDANTS' SUPPLEMENTAL MEMORANDUM SUPPORTING MOTION FOR FEES AND EXPENSES

**COME NOW**, the Defendants, WestPoint Stevens, Inc., and WestPoint Home, Inc. (collectively "WestPoint"), and supplement the support of their Motion for Fees and Expenses.

### PROCEDURAL HISTORY

On April 23, 2007, WestPoint filed a Motion to Compel in which it sought an Order of the Court compelling Sanks to immediately provide complete disclosures under Rule 26(a)(1), to immediately respond to WestPoint's First Interrogatories and First Request for Production of Documents and Things, and to deem admitted WestPoint's First Requests for Admissions. WestPoint also asked the Court to grant its reasonable costs and attorneys' fees in bringing its Motion.[1]

On April 25, 2007, the Court ordered Sanks to show cause why WestPoint's "motion to compel and motion for attorney's fees should not be granted." Sanks filed a Response to the Court's Order to Show Cause on May 8, 2007, and WestPoint filed a Reply on May 10. On May

---

[1] In another case filed by Sanks' counsel, *Patricia J. Gibson v. WestPoint Stevens, Inc., et al.*, Case No. 3:06-CV-0974-MEF (M.D. Ala. 2006) (hereafter "*Gibson*"), Sanks' counsel was also defending a motion for attorneys' fees for her failure to comply with discovery obligations.

11, Sanks submitted a "Reply to Defendants' Reply," a filing not permitted under the Rules. On May 15, the Court issued an Order setting oral argument on WestPoint's Motion. WestPoint supplemented its Motion on May 25, 2007.

After a May 29 oral argument, on May 31, the Court issued an Order denying WestPoint's Motion as moot because Sanks served his discovery responses on May 8, after WestPoint's Motion, but before the hearing. However, because Sanks' responses were deficient, the Court ordered Sanks to serve supplemental discovery, which Sanks' attorney pledged to do at the hearing. The Court's Order did not address WestPoint's request for attorneys' fees, which is the subject of this Supplemental Memorandum.

## AUTHORITY

In Sanks' May 8, 2007, Response, Sanks articulated six reasons for her failure to comply with her discovery obligations: (1) that Sanks allegedly responded to each of WestPoint's discovery requests (an assertion deemed unpersuasive, as evidenced by the Court's May 31 Order); (2) that four of Sanks' counsel's family members became very ill; (3) that Sanks' counsel (and her husband) were on "medical leave" during February and March, 2007; (4) that Sanks' counsel was without the services of an administrative assistant; (5) that Sanks, a purported litigation novice, was unable to gather responsive information and documents; and (6) that WestPoint was not harmed by "Plaintiff's delay."

Notably, in the companion *Gibson* case (see Fn. 1), Sanks' counsel also articulated seven reasons for her failure to comply with her discovery obligations: (1) that she did not have access to her computer files; (2) that Gibson allegedly responded to each of WestPoint's discovery requests (an assertion deemed unpersuasive by the court in *Gibson*); (3) that four of Gibson's counsel's family members became very ill; (4) that Gibson's counsel (and her husband) were on

medical leave during February and March, 2007; (5) that Gibson's counsel was without the services of an administrative assistant; and (6) that Gibson, whose home was allegedly foreclosed upon, had difficulty gathering responsive information and documents; and (7) that WestPoint was not harmed by "Plaintiff's delay." These reasons are nearly identical to those asserted by Sanks.

While admittedly sympathetic to Gibson's counsel's plight, the Court in *Gibson* nonetheless deemed it appropriate to award WestPoint some of the costs and fees it incurred in having to seek the court's assistance in securing discovery responses. This Court should likewise assess fees against Sanks and/or his counsel.

"Under FED. R. CIV. P. 37(a)(4), the victorious party is entitled to recover its expenses, including reasonable attorneys [*sic*] fees from the losing party. Moreover, 'Rule 37(a)(4) presumptively requires every loser to make good the victor's costs.'" *Gibson*, (June 18, 2007, Order) (Exhibit A) citing *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). In order to avoid payment of such costs, Sanks must demonstrate that his position was "substantially justified." *See Gibson* (June 18, 2007, Order) at 1 *quoting Cal Dive Intern., Inc. v. M/V Tzimin ex Stena Seahorse*, 127 F.R.D. 213, 217 (S.D. Ala. 1989) (internal citations omitted). "Determining whether the respondent's defense is 'substantially justified' requires that the court's focus 'must be on the justification and genuineness of the dispute…" *Gibson*, (June 18, 2007, Order) at 1-2 (*quoting Cal Dive Intern., Inc.*, 127 F.R.D. at 217 (quoting Alvarez v. Wallace, 107 F.R.D. 658, 662 (W.D. Tex. 1985))).

As in *Gibson*, where Sanks' counsel cited identical reasons for the delay, this Court should hold that Sanks "did not demonstrate to the Court adequate justification for the delays."

Moreover, as in *Gibson*, WestPoint "made a good faith effort to obtain the discovery prior to involving the Court." *Gibson* (June 18, 2007, Order) at 2.

## CONCLUSION

For the foregoing reasons, and the reasons cited in WestPoint's Memorandum Supporting its Motion to Compel Discovery and its Supplement to its Motion for Fees and Expenses, WestPoint should be awarded its attorneys' fees and expenses incurred in obtaining adequate discovery responses from Sanks.

Respectfully submitted,

**/s/ James C. Pennington**
James C. Pennington
(ASB-1287-N62J)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
One Federal Place
1819 5th Avenue North, Suite 1000
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
James.Pennington@odnss.com

Fred W. Suggs, Jr.
(ASB-3587-G61F)

OGLTREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
300 North Main Street (29601)
Post Office Box 2757
Greenville, South Carolina 29602
Telephone: (864) 271-1300
Facsimile: (864) 235-4754
Fred.Suggs@ogletreedeakins.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2007, I electronically filed the foregoing **Defendants' Supplemental Memorandum Supporting Motion for Fees and Expenses** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Lateefah Muhammad

    Respectfully submitted,

    **/s/ James C. Pennington**
    James C. Pennington

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| PATRICIA J. GIBSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:06-CV-0974-MEF |
| ) | |
| WESTPOINT STEVENS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER

Upon of review and consideration of *Plaintiff's Motion for Reconsideration of Magistrate's Order* (Doc. 28, filed May 14, 2007) and the arguments set out therein, it is for good cause

**ORDERED** that *Plaintiff's Motion for Reconsideration of Magistrate's Order* (Doc. 28) is **DENIED**.

Under FED. R. CIV. P. 37(a)(4), the victorious party is entitled to recover its expenses, including reasonable attorneys fees from the losing party. Moreover, "Rule 37(a)(4) presumptively requires every loser to make good the victor's costs." *See Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). "The great operative principle of Rule 37(a)(4) is that the loser pays, unless the loser can demonstrate that its position, while unsuccessful, was 'substantially justified.'" *Cal Dive Intern., Inc. v. M/V Tzimin (ex Stena Seahorse*, 127 F.R.D. 213, 217 (S.D. Ala. 1989) (quoting *Hansen v. Shearson American Express*, 97 F.R.D. 465 (E.D.Pa. 1983)). Determining whether the respondent's defense is

Page 1 of 3

"substantially justified" requires that the court's focus "must be on the quality of the justification and the genuineness of the dispute..." *See id.* (quoting *Alvarez v. Wallace*, 107 F.R.D. 658, 662 (W.D. Tex. 1985)).

Plaintiff did not demonstrate to the Court adequate justification for the delays. While the Court sympathizes with counsel's circumstances, that does not relieve her or her client of the obligation to timely respond to discovery requests. The discovery requests were served on February 19, 2007. Defense counsel attempted on several occasions to resolve the discovery dispute without court intervention, and Plaintiff's counsel made at least one statement the discovery would be provided within the next week. Thus, the Court finds Defendant made a good faith effort to obtain the discovery prior to involving the Court. However, the discovery responses were not provided and Defendant, to protect its own interests, had to file a Motion to Compel. After the motion was filed, the court gave Plaintiff until April 30, 2007 to show cause why the motion should not be granted. Plaintiff did not timely file a response so the Court granted the Motion to Compel. It was not until *after* the Court had granted the Motion to Compel that counsel chose to respond. The Court scheduled a hearing on *Plaintiff's Motion to Alter, Amend or Vacate Order* (Doc. 22) and *Defendants' Motion for Fees and Expenses* (Doc. 24). After considering the arguments of both parties, the Court did not find Plaintiff's counsel's reasons for her failure to respond to the discovery requests to be substantially justified nor did it find any reason why the award of expenses would be unjust. The Court awarded reasonable expenses in the amount of $2500.00 and denied Plaintiff's request to vacate the *Motion to Compel* (Doc. 18). The award was

substantially less than the $4,303.50 Defendant sought. Further, the Court vacated its prior order deeming the request for admissions.

To clarify the Court's oral ruling at the hearing, the imposition of $2500.00 in attorneys fees was awarded jointly against Plaintiff and Plaintiff's counsel as the Court determines both were at fault for the delay. *See, e.g. Hoffman v. United Parcel Service, Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002). As such, Plaintiff is not solely responsible for the award. To ensure no further confusion, Plaintiff's counsel is responsible for half of the $2500.00 award.

DONE this 18th day of June, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE